# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE REED | 1:11-cv-00949-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO PROSECUTE |
| v. | |
| RODRIGUEZ, et al. | (ECF No. 10) |
| Defendants. | CLERK SHALL CLOSE CASE |

Plaintiff Curtis Lee Reed ("Plaintiff") is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to jurisdiction by a Magistrate Judge. (ECF No. 5.)

Plaintiff initiated this action on June 13, 2011. (ECF No. 1.) On October 12, 2011, the Court issued an Order, denying Plaintiff's motion to appoint counsel. (ECF No. 8.) The Court's October 12, 2011 Order was returned by the U.S. Postal Service as undeliverable to Plaintiff. Over 63 days have passed and Plaintiff has not provided the Court with a new address or otherwise responded.

On January 4, 2012, the Court issued an Order to Show Cause, ordering Plaintiff to show cause as to why this action should not be dismissed for failure to prosecute. (ECF No. 10.) Plaintiff was to respond to this Order by January 25, 2012. (Id.) The January 25, 2012, deadline has passed, and to date Plaintiff has not responded to this order.

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is

>     returned by the U.S. Postal Service, and if such plaintiff fails
>     to notify the Court and opposing parties within sixty-three (63)
>     days thereafter of a current address, the Court may dismiss
>     the action without prejudice for failure to prosecute.

In the instant case, over 63 days have passed since Plaintiff's mail was returned, and he has not notified the Court of a current address

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). Plaintiff's failure to respond or otherwise proceed with this action constitutes a lack of prosecution.

In determining whether to dismiss an action for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The Court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to notify the Court of his address. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the Court's inability to communicate with

Plaintiff based on Plaintiff's failure to keep the Court apprised of his current address, no lesser sanction is feasible.

Accordingly, the Court hereby ORDERS that this action be dismissed due to Plaintiff's failure to prosecute.

IT IS SO ORDERED.

Dated:   February 6, 2012              /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE